IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

STEVEN R. WHEELER,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.

Case No. 11-CV-366-CVE-FHM

## REPORT AND RECOMMENDATION

Plaintiff, Steven R. Wheeler, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's September 27, 2007, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Richard J. Kallsnick was held October 6, 2009. By decision dated May 18, 2010, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on April 14, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 40 years old on the alleged date of onset of disability and 43 on the date of the ALJ's denial decision. He has a high school education and formerly worked as a carpenter. He claims to have been unable to work since March 7, 2007 as a result of depression and anxiety disorder.

## **The ALJ's Decision**

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform medium work, except that he is limited to understanding, remembering, and carrying out simple instructions. Plaintiff can get along with co-workers and supervisors on a superficial basis and can adapt to work situations. [R. 13]. Although Plaintiff cannot return to his past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

**Plaintiff's Allegations**

Plaintiff asserts that the ALJ's decision should be reversed because the ALJ ignored or selectively disregarded opinions of the consultative examiner that conflicted with the ALJ's RFC findings without giving an explanation. Plaintiff argues that the result of the case is controlled by the decision in *Haga v. Astrue*, 482 F.3d 1205 (10th Cir. 2007).

**Analysis**

The opinion that Plaintiff alleges was ignored or disregarded is the consultative examiner's opinion that Plaintiff has a "moderate" limitation in the ability to "[r]espond appropriately to usual work situations and to changes in a work setting." [R. 1044]. According to Plaintiff, that opinion conflicts with the ALJ's RFC finding that Plaintiff "is able to adapt to work situations." [R. 14].

"Moderate" is a defined term on the Medical Source Statement of Ability to Do Work-Related Activities (Mental) form used by the consultative examiner to express his opinion. "Moderate" is in the middle of the scale used on the form which goes from "None" to "Extreme." "Moderate" is defined on the form as "[t]here is more than a slight limitation in this area but the individual is still able to function satisfactorily." [R. 1043]. Based on the definition of "moderate," it is correct to say, as Plaintiff does, that a "moderate" limitation is not the same as no limitation. But it is also correct to say that a "moderate" limitation does not preclude the activity and, depending on the facts of the case, may not impact the ALJ's determination of the RFC. Determination of an RFC is an administrative finding to be made by the ALJ based on all of the evidence.

3

As hereafter discussed, the undersigned finds that the ALJ did not ignore or disregard the consultative examiner's opinion. Further, the consultative examiner's opinion that Plaintiff had a "moderate" limitation in the ability to "[r]espond appropriately to usual work situations and to changes in a work setting" does not conflict with the ALJ's RFC.

The record contains several opinions about Plaintiff's mental abilities to perform work-related activities which the ALJ specifically discussed in his decision. On February 14, 2007, Plaintiff's treating physician, Dr. Gray, stated he was treating Plaintiff for a mental condition but opined that Plaintiff did not have a mental condition that imposes more than minimal limitation. [R. 611]. The state Disability Determination Service (DDS) expert who reviewed Plaintiff's medical records completed a Mental Residual Functional Capacity form. She checked that Plaintiff was "not significantly limited" in "the ability to respond appropriately to changes in the work setting." [R. 587]. After the first administrative hearing, the ALJ sent Plaintiff to Dr. Minor W. Gordon, Ph.D. for a consultative psychological examination. Dr. Gordon found, *inter alia*, that Plaintiff had a "moderate" limitation in the ability to respond appropriately to usual work situations and to changes in a routine work setting. [R. 1044].

Plaintiff argues that the ALJ's RFC, which includes the ability "to adapt to work situations," [R. 18], ignores Dr. Gordon's finding of a "moderate" limitation in the ability to adapt. Plaintiff states the ALJ adopted the DDS opinion over Dr. Gordon's opinion which is contrary to the ALJ's statement that he gave Dr. Gordon's opinion great weight and the DDS reviewer some weight. According to Plaintiff, this is an example of the ALJ picking through the medical evidence and taking only the parts that are favorable to a finding of non-disability. Plaintiff asserts that the case is controlled by the result in *Haga v. Astrue*,

4

482 F.3d 1205 (10th Cir. 2007) and therefore reversal is required. [Dkt. 15, pp. 7-8; Dkt. 17].

In *Haga*, a psychological consultative examiner filled out a mental RFC form marking that Plaintiff was moderately impaired in seven of ten functional categories. The ALJ's RFC determination contained restrictions consistent with some of the impairments marked on the form, but did not contain any limitations for four of the consultative examiner's restrictions. The ALJ restricted Plaintiff to the performance of simple repetitive tasks, which incorporated the consultative examiner's opinion that Plaintiff was moderately limited in his ability to understand, remember, and carry out detailed instructions. However, the ALJ did not address the consultative examiner's finding of moderate limitations in the ability to deal appropriately with supervisors and co-workers or respond appropriately to workplace pressures and challenges. *Haga*, 482 F.3d at 1207. The case was remanded because the ALJ provided no explanation for why he seemingly accepted some of the consultative examiner's uncontroverted restrictions while appearing to reject others. *Id*. at 1208.

The *Haga* Court did not establish a new rule or even extend an existing principle. The *Haga* Court merely applied the long-standing holding in *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). In *Clifton* the Court stated that the ALJ is not required to discuss every piece of evidence, but "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon as well as significantly probative evidence he rejects." In *Haga* the ALJ failed to

perform the analysis required by *Clifton*. As a result, the case was remanded "so that the ALJ could explain the evidentiary support for his RFC determination." 482 F.3d at 1208.[2]

Review of the ALJ's decision in the instant case reveals that, unlike *Haga*, the ALJ did not fail to discuss the uncontroverted evidence he relied upon as required by *Clifton*. Dr. Gordon's "moderate" limitation in the ability to respond appropriately to usual work situations was not uncontroverted. The treating physician, Dr. Gray, found Plaintiff's mental condition did not impose more than a minimal limitation. [R. 611]. The DDS reviewer found Plaintiff was "not significantly limited" in the ability to respond appropriately to changes in the work setting. [R. 587].

The ALJ did not fail to discuss the evidence supporting his decision as required by *Clifton*. The ALJ specifically mentioned the treating physician Dr. Gray's opinion that Plaintiff's mental condition "did not impose more than a minimal limitation," and that the records do not reflect that Plaintiff's condition worsened since Dr. Gray expressed that opinion. [R. 15, 17] The ALJ also noted that the DDS opinions supported a finding of not disabled. [R. 17].

*Clifton* also requires discussion of significantly probative evidence that the ALJ rejects. The ALJ's finding that Plaintiff is able to adapt to work situations is not a rejection of Dr. Gordon's finding of a "moderate" limitation in that area. On its face, Dr. Gordon's finding of a "moderate" limitation in the ability to adapt does not preclude a finding that Plaintiff can adapt as the definition of "moderate" clearly states "the individual is still able

---

[2] The *Haga* Court did not hold that all moderate limitations must be discussed by the ALJ in his decision. Nor did the *Haga* Court hold that a moderate limitation by a consultative examiner must be included in the ALJ's RFC finding. Finally, the *Haga* Court did not hold that a moderate limitation means that the person has no useful ability to function in the activity bearing a moderate limitation.

6

to function satisfactorily." [R. 1043]. Moreover, the ALJ specifically mentioned the "moderate" limitation, [R. 16], so this is not a case where the ALJ ignored or overlooked a piece of evidence.

Plaintiff also argues that the ALJ erred in adopting the DDS opinion that he retained the ability to perform simple tasks with no limitation over Dr. Gordon's opinion that he had "mild" limitations in that ability. Dr. Gordon's assessment of Plaintiff's ability to perform several of the rated mental work-related tasks was similar to that of the DDS reviewer except that in some categories where the DDS form indicated Plaintiff was "not significantly limited," [R. 586-587], Dr. Gordon found "mild" limitations, [R. 1043-1044].

The terms used on the forms are phrased differently. Both forms have five ratings to choose from. The DDS form ratings are: not significantly limited; moderately limited; markedly limited; no evidence of limitation in this category; and not ratable on available evidence. [R. 586-587]. The DDS form does not define the terms. The form Dr. Gordon completed has the following ratings: none; mild; moderate; marked; and extreme. Mild is defined as: "[t]here is slight limitation in this area, but the individual can generally function well." [R. 1043]. Based on the common sense understanding of the words "not significantly limited" on the DDS form and the definition of the term "mild" on the form used by Dr. Gordon, the undersigned finds that there is no real difference in these ratings. The ALJ's RFC finding that Plaintiff can understand, remember, and carry out simple instructions is supported by both the DDS reviewer's rating and Dr. Gordon's rating.

Plaintiff also argues that the ALJ erred in adopting the DDS opinion that he had mild limitations in activities of daily living and ignoring Dr. Gordon's opinion that his activities of daily living were "far less than normal." [R. 1041]. The DDS finding that Plaintiff had mild

7

limitations in activities of daily living was made in the context of performing the analysis known as the psychiatric review technique (PRT). The PRT analysis is required by the regulations to determine whether an alleged mental impairment is "severe" in that it would have more than a minimal effect on the ability to perform work-related activities. *See* 20 C.F.R. §§ 404.1520a(e), 416.920a(e). Those findings essentially perform a screening function and do not constitute any part of the RFC assessment.

Plaintiff cited *Dorman v. Astrue*, 368 Fed.Appx. 864 (10th Cir. 2010) for the proposition that a "mild" limitation is not the same as no limitation. The *Dorman* case contains that language, but addressed an entirely different situation. In *Dorman* the ALJ found Plaintiff was not disabled because he could return to his past relevant work. In performing the PRT analysis the ALJ in *Dorman* found Plaintiff had mild mental limitations but did not address the mental demands of Plaintiff's past relevant work. The *Dorman* Court said that the Commissioner's determination was not supported by substantial evidence because there was no evidence regarding whether the Plaintiff was capable of performing the mental demands of his past relevant work. *Id*. at 866. In the present case the ALJ did not find that Plaintiff could return to his past relevant work, therefore mental demands of that work are irrelevant. Furthermore, the ALJ's decision contains ample discussion about Plaintiff's mental capacity.

The undersigned finds that the ALJ applied the correct standards in evaluating the evidence and that the record contains substantial evidence supporting the ALJ's denial of benefits in this case.

**CONCLUSION**

The undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before August 31, 2012.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 17th day of August, 2012.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

9